UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CESAR PARADA TORRES,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 18-cv-00755 (APM) |
| **UNITE HERE Local 25,** | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

### I.

In October 2016, the Gaylord Hotel terminated Plaintiff Cesar Parada Torres—a member of Defendant Unite Here Local 25's bargaining unit—for leaving his work station, striking a colleague named Ms. Byrd with two pieces of bread at her work station, and threatening her to "take it outside." Def.'s Mot. for Summ. Judg., ECF No. 45 at 3–22 [hereinafter Def.'s Facts],[1] ¶¶ 56, 68.[2] Defendant represented Plaintiff at the first-step grievance hearing with the Gaylord Hotel and advocated that Plaintiff "be returned to work with full back pay and no loss of seniority." *Id.* ¶ 91. After Gaylord denied the first-step grievance, Defendant decided against further representing Plaintiff in mediation, the next phase of the disciplinary review process. *Id.* ¶ 112. It based its decision on several factors, including Plaintiff's three disciplinary issues in the prior eighteen months (including two separate instances of yelling at a coworker and using profanity at

---

[1] For this citation, the court uses ECF pagination. When it cites to Defendant's and Plaintiff's motions later in the opinion, it uses the citation provided in the memoranda.
[2] In opposing Defendant's Motion for Summary Judgment, Plaintiff failed to controvert any fact asserted in Defendant's supporting statement of undisputed facts. *See* Def.'s Facts; Pl.'s Opp'n, ECF No. 52; Order, ECF No. 43 [hereinafter Order]. The court therefore treats as true the facts asserted in Defendant's statement. *See* Fed. R. Civ. P. 56(e); LCvR 7(h)(1); *see also* Order at 2 ("The court may treat as admitted facts identified by the moving party in its statement of material facts that are not controverted in the opposing party's responsive statement.").

a coworker), video evidence and witness testimony of the altercation with Ms. Byrd that did not corroborate Plaintiff's version of events, and the fact that Plaintiff confronted Ms. Byrd at her work station. *Id.* ¶¶ 97, 99, 102, 105, 106.

On July 30, 2017, Plaintiff filed a charge of discrimination against Defendant with the U.S. Equal Employment Opportunity Commission for its decision not to further represent him in mediation against the Gaylord Hotel. *See id.* ¶ 138. He alleged race, national origin, and age discrimination, and asserted that Defendant "did nothing for me, but worked hard on behalf of [Ms. Byrd] and succeeded in getting her reinstated to her job." *See id.* ¶ 139; *see also* Notice of Removal, ECF No. 1, EEOC Charge, ECF No. 1-1 [hereinafter EEOC Charge], at 4.[3] The EEOC dismissed Plaintiff's charge on February 13, 2018. *See* Notice of Removal, ECF No. 1, EEOC Dismissal, ECF No. 1-2, at 2.

Plaintiff, proceeding *pro se*, filed a case in the Superior Court of the District of Columbia on March 5, 2018, against Marriott Hotel Services—which operates the Gaylord Hotel—and against Defendant. *See* Notice of Removal, ECF No. 1, Superior Court Filing, ECF No. 1-3, at 2. On April 3, 2018, Defendant removed the case to federal court. *See* Notice of Removal, ECF No. 1. Soon after, the court dismissed Marriott Hotel Services because Plaintiff failed to exhaust his administrative remedies against them. *See* Order, ECF No. 20. On January 25, 2019, Defendant moved for summary judgment. *See* Def.'s Mot. For Summ. J., ECF No. 45 [hereinafter Def.'s Mot.].

II.

At the summary judgment stage, once a defendant asserts a "legitimate, non-discriminatory reason for the decision," plaintiff must "produce[] sufficient evidence for a reasonable jury to find

---
[3] Plaintiff was born in 1957. *See* Def.'s Facts ¶ 141. He lists his national origin as El Salvadoran and his race as Hispanic. *See id.* ¶ 142.

that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee." *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008). Defendant has asserted a legitimate, non-discriminatory reason for deciding not to represent Plaintiff in mediation: it "reasonably believed that an arbitrator would likely find that Gaylord had just cause to terminate [Plaintiff]" because he had three prior disciplinary incidents in the last eighteen months that demonstrated a history of verbally provoking and yelling at coworkers, and Defendant had evidence that Plaintiff initiated the altercation with Ms. Byrd. *See* Def.'s Mot. at 13, 15–16.

Plaintiff has produced no evidence that Defendant's "non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee." *Brady*, 520 F.3d at 494. In his opposition, Plaintiff argues that the video evidence from the altercation that Defendant relied on is not the same video he saw after the incident. *See* Pl.'s Opp'n, ECF No. 52 [hereinafter Pl.'s Opp'n], at 1. Plaintiff also avers that he did not initiate the altercation with Ms. Byrd. Instead, he claims he ate the bread and put it in the trash (as opposed to throwing it at Ms. Byrd), then Ms. Byrd, unprovoked, pushed the trash can into him, and after that, he offered to walk outside with her to "talk and relax" (as opposed to threatening to "take it outside" for a fight), at which point Ms. Byrd punched Plaintiff in the eyes. *See id.* at 2–3.

Even if Plaintiff's version of the altercation is correct, he cannot prevail here. First, Plaintiff's perception of the fight alone is insufficient to counter Defendant's considered judgment—based on evidence outside of Plaintiff's perception—that an arbitrator would not reverse Gaylord's termination decision. *Cf. Wilkerson v. Wackenhut Protective Servs., Inc.*, 813 F. Supp. 2d 61, 67 (D.D.C. 2011) ("Plaintiff's mere suggestion—absent admissible, corroborating evidence—that his personal disagreement with the characterization of certain facts either creates

a genuine issue or permits the inference of pretext does not make it so.") (citations omitted). Plaintiff's version of events does not counter his three prior disciplinary issues, the fact that he was away from his work station, and video evidence that does not corroborate his story. Second, Plaintiff, by singularly focusing on the altercation, does not put forth an iota of evidence that Defendant intentionally discriminated against him when it decided not to represent him in mediation. Plaintiff offers no direct evidence of discrimination, nor does he provide circumstantial evidence, such as a bargaining unit member of a different age, national origin, or race, who was represented by Defendant in mediation in similar circumstances.

In his EEOC complaint, Plaintiff did argue that Defendant "did nothing for [him], but worked hard on behalf of [Ms. Byrd] and succeeded in getting her reinstated to her job." *See* Notice of Removal, ECF No. 1, EEOC Charge, ECF No. 1-1 [hereinafter EEOC Charge], at 4. But Ms. Byrd is not an adequate comparator for Plaintiff to prove age, national origin, or race discrimination. First, Plaintiff provides no demographical information about Ms. Byrd, so the court does not know whether Defendant treated Plaintiff differently than Ms. Byrd based on a difference in age, national origin, or race. Second, Ms. Byrd had materially different circumstances than Plaintiff that made it more likely she could prevail in mediation against Gaylord Hotel. Namely, she had no prior violations with Gaylord, *see* Def.'s Facts ¶ 122, and she did not leave her work space during the altercation, *see id.* ¶ 131. The court, therefore, concludes that Ms. Byrd is not a proper comparator with Plaintiff, and as such, Defendant had legitimate, non-discriminatory reasons for deciding not to pursue mediation on Plaintiff's behalf. *See Duru v. District of Columbia*, 303 F. Supp. 3d 63, 74 (D.D.C. 2018) (ruling that two employees with different disciplinary histories are not similarly situated); *see also Childs-Pierce v. Util. Workers Union of America*, 383 F. Supp. 2d 60, 75 (D.D.C. 2005) ("Plaintiff's disciplinary history with

defendant is a relevant factor that distinguishes her from the three other UWUA employees to whom she attempts to compare herself.").

III.

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted. A separate final, appealable order accompanies this Memorandum Opinion.

Dated: April 3, 2019

Amit P. Mehta
United States District Court Judge